JOHN W. MANSON, Executor of Nathaniel L. Perkins,

*vs.*

SARAH B. MAXCY, et als.

Penobscot.    Opinion October 21, 1915.

*Assignment.    Consideration.    Creditor's Bill.    Dividends.    Equity.
Fraud.    Revised Statutes, Chapter 79, Section 6,
Paragraph 9.*

1. In the present case, the assignment or transfer of the bankbook does not purport to show payment of any consideration. The burden, therefore, rests upon the assignee to prove the consideration actually paid.

2. It is well established under our decisions, under circumstances like those in the present case, that an assignee of the whole amount of the deposit or other property may prove the actual amount due him and become, upon such proof, entitled to such amount.

3. But if the consideration he has paid is inadequate and he still claims the whole, his whole claim will then be denied as a fraud upon other creditors who are entitled to the balance of the fund for the payment of their debts.

On report. Judgment for plaintiff for $2649.67 and interest at 6% from August 21, 1913.

This is a creditor's bill in which it is sought to subject the dividends from a deposit of Sarah B. Maxcy with Tyler, Fogg & Co., of Bangor to the payment of the balance due the plaintiff on notes signed by Sarah B. Maxcy, and is brought under Revised Statutes, Chapter 79, Section 6, Paragraph 9. The Justice hearing this cause, all parties assenting thereto, reported the cause to the Law Court on the foregoing evidence, including the agreed statement of facts; the Law Court to decide all questions of law and facts involved and to render its decision accordingly.

The case is stated in the opinion.

*George H. Morse, and Harry R. Coolidge,* for plaintiff.

*Charles H. Bartlett,* pro se.

*Edgar M. Simpson,* for Frederick H. Parkhurst and F. Marion Simpson, assignees.

*Louis C. Stearns,* for F. L. Berry.

*Matthew Laughlin,* for T. R. Savage, guardian.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, BIRD, HALEY, JJ.

SPEAR, J. This case comes up on report. It is a creditor's bill to subject the dividends, from a deposit of Sarah B. Maxcy in Tyler, Fogg & Company, Bangor, to the payment of the balance due the plaintiff on promissory notes signed by Sarah B. Maxcy. On January 19, 1903, Sarah B. Maxcy and her husband, Frederick E. Maxcy, executed and delivered to the plaintiff's testator four promissory notes. At the date of the bill the amount admitted to be due the plaintiff on the notes was $2649.67 and interest at 6% from August 2, 1913. F. K. Maxcy, the husband was adjudicated a bankrupt and granted a discharge on September 25, 1911. In August, 1911, Sarah B. Maxcy and her husband moved to California. She has no property in this State, except the deposit in Tyler, Fogg & Co. Tyler, Fogg & Co. were put into the hands of a receiver, hence the various defendants, representing the copartner-

ship and the respective members thereof. But so far as this case is concerned, only the deposit of Sarah B. Maxcy is involved. In August, 1911, Sarah B. Maxcy assigned her deposit in Tyler, Fogg & Co., and her claim in Tyler, Fogg & Co., Linwood C. Tyler and Herbert A. Fogg, to Fred L. Berry of San Francisco under the name and designation of Fred L. Berry, the alleged assignment bearing date, however, of May 31st, 1911. Berry proved his claim against the firm of Tyler, Fogg & Co., and against the estate of Herbert A. Fogg, and the claims have been allowed in both cases.

This bill is brought under Chapter 79, Section 6, Paragraph 9 of the Revised Statutes which provides that the court has equitable jurisdiction "in bills in equity, by creditors, to reach and apply in payment of a debt, any property, right, title or interest, legal or equitable, of debtor or debtors, which cannot become apt to be attached on a writ or taken on execution in a suit at law and any property or interest conveyed in fraud of creditors."

No question is raised as to the jurisdiction of the court over the subject matter involved, although the defendant, Sarah B. Maxcy, lives in California and has not been personally served with the process within this State. Formally this statute was available only against debtors, "residing or found within the State," but by the act of 1883, Chapter 169 this clause was eliminated with the evident intention of making the statute apply to non-residents. The real issue is whether the assignment of F. L. Berry shall prevail under the facts appearing in the report. The bill alleges want of consideration and fraud. We are of the opinion it is sustainable upon either allegation. The defendant, Berry, claims title to the entire deposit found in the bank of Tyler, Fogg & Co., in the sum of $5564.35, upon which it was agreed a dividend has been declared, amounting to $3416.51. Upon the admitted facts, that this deposit constituted the entire estate of the assignee, to be found in this State, and that she had large creditors here, for the payment of whose claims this assigned deposit was the only available means, it is incumbent upon the plaintiff to prove a full and adequate consideration for the property he has received. He cannot take every dollar found in this jurisdiction available for the payment of the assignor's debts, without a full consideration therefor. In the pres-

ent case the assignment or transfer of the bank book does not purport to show the payment of any consideration. The burden, therefore, rests upon the assignee, to prove the consideration actually paid.

It is well established under our decisions, under circumstances like those in the present case, that an assignee of the whole amount of a deposit or other property, may prove the actual amount due him, and become, upon such proof, entitled to such amount. But if the consideration he has paid is inadequate and he still claims the whole, his whole claim will then be denied as a fraud upon the other creditors, who are entitled to the balance of the fund for the payment of their debts. In *Haggett* v. *Jones*, 111 Maine at page 352, it is said: "As suggested above, we think the evidence justifies the conclusion that the conveyance from Mr. Jones to his wife was not intentionally fraudulent, but rather entered into it in the mistaken belief that he was actually indebted to her to an amount equal to the full value of the property conveyed. The transaction, however, being without an adequate consideration, is fraudulent by construction of law." See also *Egery* v. *Johnson*, 70 Maine, 258, in which it is expressly held: "Still a grantee is not protected when he has not paid such a consideration, though he may have acted in good faith." The question here involved was squarely raised in *Dennett* v. *Burnham* and Trustees and A. C. assignee and claimant of the funds, in which the court decided that, although A. C. had a bona fide claim of several hundred dollars against the fund assigned, yet his insistence upon a right to claim title to the whole, by virtue of his assignment, was a fraud upon other creditors. See certificate of decision, and rescript in No. 136, received and filed in Kennebec county, January 6, 1897. The court say: "The debt due A. C. would have been sufficient consideration to support the assignment as collateral security; but at hearing in court below, and at argument in this court, A. C. refused to treat the assignment as collateral, and claimed persistently that the entire amount due from the insurance companies belonged to him. . . . The conclusion is irresistible, from the acts and testimony of A. C., that one object of the assignment on his part, was to withdraw this property from the general creditors of Burnham, and hold the excess above the

debts of A. C. D. B. and R. for the personal benefit of himself, or the ultimate benefit of Burnham. Such purpose was illegal and fraudulent as to the general creditors of Burnham." The initials are used by the writer instead of the full names.

In the case at bar the assignee claims title to the whole deposit of Sarah B. Maxcy, amounting, with the present dividend, to $3416.35, with possibly more to come with future dividends. And, as a consideration for this large amount, he simply says he has performed certain legal services for the assignor, the nature or extent of which he refuses to divulge, upon the ground that they involve confidential communications. In other words, he invokes the privilege of an attorney by which he withholds the very evidence upon which the validity of his assignment depends, even upon the theory that he would be entitled to hold a sufficient amount to remunerate him for services actually performed; because he neither places any esitmate upon the value of his services, nor gives testimony upon which even a quantum meruit may be predicted. Conceding that his communications with his client were privileged, and he had a right, or was under the duty, to withhold the nature and extent of the services he had performed, yet such withholding deprives the case of proof, and the assignor must suffer the consequences of his preference or misfortune. Whatever the actual purpose of the assignee, the undisputed facts disclose a case devoid of any adequate consideration and clearly fraudulent as to creditors.

*Judgment for plaintiff for $2649.67 and*
*interest at 6% from August 21, 1913.*